FLITCRAFT *v.* SYLVAN BEACH RESORT CO.

1. EASEMENTS—SEWERS—RIGHT OF WAY—NECESSITY.
   A landowner cannot extend sewer and water pipes across
   adjoining lands where the necessity therefor is not sustained
   by the evidence.

2. INJUNCTION—TRESPASS—EASEMENTS.
   Equity will restrain the use of such sewer and water pipes, as
   prayed in the cross-bill, instead of limiting the defendant to
   his remedy for damages.

Appeal from Muskegon; Sessions, J. Submitted April
24, 1909. (Docket No. 80.) Decided May 26, 1909.

Bill by Allen J. Flitcraft to enjoin the Sylvan Beach
Resort Company and others from interfering with certain
sewers. Defendants filed an answer in the nature of a
cross-bill to enjoin the use of said sewers or the laying of
others. From a decree for defendants, complainant ap-
peals. · Affirmed.

*Cross, Lovelace & Ross*, for appellant.

*Nims, Hoyt, Erwin, Vanderwerp & Foote*, for ap-
pellees.

HOOKER, J. The defendant is a corporation organized
for the purpose of owning and operating a summer resort
known as the "Sylvan Beach Resort," consisting of
platted lands which lie between Lake Michigan on the
west, and White Lake on the east. The defendant owns
these lands in fee. The rear ends of lots abut on a strip
of land called "Covell Park." It consists of about seven
acres covered by trees and shrubs. Lot 4 was leased to
the complainant for the term of the life of the association,
subject to its by-laws, at an annual rental of $20.
Lessees are supplied with water from the company's

water pipes, laid in said park. Cesspools are used for sewerage. The complainant is owner of a plat of land called "A. J. Flitcraft's subdivision of Sylvan Beach, White Lake, Michigan," containing 52 lots. It comprises land between the two lakes named, adjoins defendant's resort which lies south of it, and extends northward to the government channel connecting said lakes. Complainant's property is equipped with water and sewer systems. Complainant's premises on lot 4 of the defendant's plat were provided with a cesspool, but, claiming that it was inadequate, he proceeded to connect his cottage on lot 4 with his own sewer system, by laying tile across Covell Park. While digging the trench, he was forbidden to make such extension by the officers of the association, and, as he persisted, his tile were broken. Subsequently he extended both his sewer and water pipes, taking advantage of the absence of the officers of the Sylvan Beach Company. He then filed the bill in this cause for an injunction to restrain interference with his pipes. Defendants filed a cross-bill asking that complainant be restrained from using said pipes or sewer, and from digging for or laying others. From a decree for defendant, complainant has appealed.

Complainant's counsel contend:

1. That he is entitled to a right of way for laying said pipes, on the ground of necessity.
2. That, in any event, defendants are entitled only in damages.

We are of the opinion that the complainant's claim to a right of way for water and sewer, or either of them, is not sustained by the proof.

His other contention is within the principle of *Ives* v. *Edison*, 124 Mich. 402 (83 N. W. 120, 50 L. R. A. 134, 83 Am. St. Rep. 329).

The decree is affirmed, with costs.

MONTGOMERY, OSTRANDER, MOORE, and BROOKE, JJ., concurred.